# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

RICARDO L. GABINO,

       Petitioner,

v.                                                                 Case No. 08-CV-850

MICHAEL A. DITTMANN,

       Respondent.

───────────────────────────────────────────────

## ORDER

On January 21, 2010, this court entered an order denying the petition of Ricardo L. Gabino ("Gabino") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #27). On February 17, 2010, the petitioner provided this court with notice of appeal regarding the denial of Gabino's habeas petition. (Docket #29). When the court's January 21, 2010 order was entered, the court did not address the issuance of a certificate of appealability under the newly effective amendments to Rule 11 of the Rules Governing Section 2254 Cases.[1] For the reasons stated below, the court will deny Gabino a certificate of appealability needed to proceed with his appeal.

Under Fed. R. App. P. 22(b), in a habeas corpus proceeding, a petitioner cannot take an appeal "unless a circuit justice or a circuit or district judge issues a

---

[1] The court notes that Rule 11 governing Section 2254 cases recently changed. The rule now requires the district court to "issue or deny a certificate of appeal ability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This order is the court's admittedly belated compliance with the new requirements imposed by Rule 11. The court treats the petitioner's notice of appeal as an implied request for a certificate of appealability.

certificate of appealability under 28 U.S.C. § 2253(c)." A court may issue a certificate of appealability only if the applicant makes a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether [the] challenge in the habeas petition could have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). If the court issues a certificate of appealability, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. However, additional argument is not necessary here. The record in this case overwhelmingly shows that the petitioner has not made a "substantial showing" of the denial of a constitutional right stemming from his criminal conviction in Wisconsin state court. As this court noted in its January 21, 2010 order, a "plethora of evidence" obtained through means that were compliant with the United States Constitution demonstrated Gabino's guilt, making any of the constitutional violations the petitioner currently complains of entirely harmless. (Docket #27). This court can only conclude Gabino's habeas petition was properly denied, and, as such, the court will not grant Gabino a certificate of appealability.

-2-

Case 2:08-cv-00850-JPS   Filed 02/22/10   Page 2 of 3   Document 33

Accordingly,

**IT IS ORDERED** that the petitioner's implied Request for Certificate of Appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge